IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY SINNOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-01917 |
| | ) | |
| THE TOWN OF CICERO, ET. AL | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

**PLAINTIFF ANTHONY SINNOTT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS THOMAS BOYLE, LARRY POLK, RUDOLFO FLORES, & MICHAEL SKRABACZ'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Plaintiff ANTHONY SINNOTT ("Sinnott"), by his undersigned counsel, respectfully submits this Memorandum In Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant To Rule 12(b)(6).

**I.     INTRODUCTION**

Plaintiff respectfully opposes Defendants' Motion To Dismiss pursuant to Rule 12(b)(6). Plaintiff's Complaint states a claim for relief against the Defendants in toto by either discriminating against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*) ("Title VII") due to racial discrimination, racial harassment, retaliation, violation of 1983 Equal Protection – (Race Discrimination), and for state law causes of action.

**II.     STANDARD OF REVIEW**

A plaintiff's complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the defendant with "fair notice" of the claim and its basis. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic,* 127 S.Ct. at 1964. The complaint is

construed in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor. *Id.; Killingsworth,* 507 F.3d at 618.

A plaintiff alleging employment discrimination under Title VII may allege these claims quite generally. *See, e.g.,* Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7th Cir.2006) ("[A]ll a complaint in federal court need do to state a claim for relief is recite that the employer has caused some concrete injury by holding the worker's religion against him."); Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998) ("`I was turned down for a job because of my race' is all a complaint has to say."). A complaint need not "allege all, or *any,* of the facts logically entailed by the claim," and it certainly need not include evidence. *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998) (quoting *Am. Nurses' Ass'n v. Illinois,* 783 F.2d 716, 727 (7th Cir.1986)); *see also Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 714 (7th Cir.2006) ("Federal complaints plead *claims* rather than facts."). Indeed, "[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8." *Bennett,* 153 F.3d at 519.

The Supreme Court in *Bell Atlantic* "retooled federal pleading standards," and retired "the oft-quoted *Conley* formulation." *Killingsworth,* 507 F.3d at 618-19 (quoting *Bell Atlantic,* 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. at 45-46, 78 S.Ct. 99)). However, *Bell Atlantic* "must not be overread." *Limestone Dev. Corp. v. Vill. of*1083*1083 *Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008). Although the opinion contains some language that could be read to suggest otherwise, the Court in *Bell Atlantic* made clear that it did not, in fact, supplant the basic notice-pleading standard. *Bell Atlantic,* 127 S.Ct. at 1973 n. 14 (expressly disclaiming the establishment of any "heightened pleading standard"); *see also Lang v. TCF Nat'l Bank,* 249 Fed.Appx. 464, 466-67

(7th Cir.2007) (noting that notice-pleading is still all that is required); *Limestone,* 520 F.3d at 803 (same). A plaintiff still must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang,* 249 Fed.Appx. at 466 (citing *Bell Atlantic,* 127 S.Ct. at 1964) (internal quotation marks and ellipses omitted). A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

To survive a motion to dismiss, the complaint must contain a "short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964—65 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964—65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618—19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't. of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

3

**III.     FACTUAL BACKGROUND**

Plaintiff is an African American citizen who alleges that he was discriminated against, harassed, and retaliated against by his former employer, Town of Cicero, based on his race. Plaintiff's Complaint asserts a number of state and federal claims, which the Defendants have moved to partially dismiss.

**IV.     ARGUMENT**

   A. <u>Plaintiff's § 1983 Equal Protection Count Plead Against Boyle, Polk, Flores and Skrabacz is Sufficiently Plead</u>.

Defendant's allegations that Plaintiff's Count V are too vague to support his claims and failed to plead protected activity sufficient to support his allegations are without merit. Defendant's hyperbolic assertions that Count V contains "arguably derogatory comments," "another vague allegation," "alberit vague as it is pleaded," "these allegations are vague or some personal type action," "the allegations pertaining to intoxication are surplusage," "that paragraph is insufficient," and "this type of pleading is insufficient" Mem. At 10, 11, 12, 13 (original emphasis), does not accurately describe the Complaint, which provides enough detail to satisfy Rule 8. Indeed, Plaintiff clearly identifies the type of discrimination he thinks occurred (race, race harassment, retaliation, state law violations of Public Act 100-1001), by whom (Defendant, through its employees Chlada, Boyle, Polk, Flores, Skrabacz, and Acevez), and when (during the course of his employment through his termination). That is sufficient to withstand dismissal of his § 1983 Equal Protection claim against the above-referenced Defendants and further supportive that they are not facially implausible as a matter of law. The inference by the Defendants that these Defendants were not aware of and/or complicit in discrimination against the Plaintiff is far from believable.

Further, Plaintiff's Complaint has over one hundred forty-one (141) paragraphs of facts in his Complaint. (Compl., ¶¶ 11-152). Second, the Court in *Bell Atlantic* was clear. There the Court found that there was not a "heightened pleading standard" and that notice-pleading is still all that is required. Clearly, pursuant to *Bell Atlantic*, Plaintiff's over one hundred forty-one (141) paragraphs of facts were properly notice plead to give Defendants enough detail of what the claim is, the grounds upon which they rest, and stated a claim to relief that is plausible on its face.

Therefore, for the reasons set forth above, Plaintiff's § 1983 Equal Protection Count plead Against Boyle, Flores, Polk, and Skrabacz is Sufficiently Plead.

> B. <u>Plaintiff Has Sufficient Standing To Bring A Cause Of Action For Violation Of Illinois Statute 65 ILCS 5/11-1-12 & 745 ILCS 10 Is Not Applicable</u>.

To demonstrate standing, a litigant must show that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that a favorable decision will likely redress that injury. See <u>Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351</u>. Here, Sinnott has suffered a concrete injury due to Defendants' violations of Illinois General Assembly Public Act 100-1001, the injury was traceable to the Defendants, and a favorable decision by this court will redress Plaintiff's injury.

Additionally, Defendants cite Fisher v. Lexington Health Care, Inc. 188 Ill. 2d 455, 460 (1999). Pursuant to Fisher, "Implication of a private right of action is appropriate if: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute." Id. Here, Sinnott was a police officer with the

Defendant and, therefore, he was a member of the class for whose benefit the statute was enacted. Further, Sinnott's injury was one in which the statute was designed to prevent as 65 ILCS 5/11-1-12 prohibits a municipality from requiring a police officer to issue a specific number of citations within a designated period of time. Also, a private cause of action is consistent with the underlying purpose of the statute and necessary as that is the best means and perhaps the only means as providing damages to the Plaintiff and prohibiting the Defendant from violating the statute.

Finally, Defendants reference 745 ILCS 10/ indicating that the Plaintiff is barred due to the statute of limitations from bringing his cause of action under 65 ILCS 5/11-1-12. While 745 ILCS 10/ does require commencement of the lawsuit within one year from the date of injury or the cause of action accrued, the statute is applicable to injury cases involving personal injuries and/or death and, therefore, is not applicable in this case.

Further, the Defendants cite U.S. v. Northern Trust. In that case, the Court held that dismissal under Rule 12(b)(6) was irregular, for the statute of limitations is an affirmative defense. See Fed.R.Civ.P. 8(c). U.S. v. Northern Trust Co., 372 F. 3d 886 (7th Cir. 2004). A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses. See, e.g., *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623 (7th Cir.2003). Resolving defenses comes after the complaint stage. Even with respect to elements of the plaintiff's claim, complaints need not plead facts or legal theories. See, e.g., *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073 (7th Cir.1992).

Therefore, for the reasons set forth above, Plaintiff Has Sufficient Standing To Bring A Cause Of Action For Violation Of Illinois Statute 65 ILCS 5/11-1-12 & 745 ILCS 10 Is Not

Applicable.

## V. CONCLUSION

For all the reasons set forth above, Plaintiff Anthony Sinnott respectfully requests that this Court enter an Order dismissing Defendants' Motion To Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) with prejudice and awarding to Plaintiff any such other further relief as the Court deems just and proper.

Dated: January 29, 2021

Respectfully submitted,

Anthony Sinnott, Plaintiff
By his attorneys,

By: /s/ Marc P. Trent
TRENT LAW FIRM, P.C.
Marc P. Trent (ARDC #6324928)
Douglas P. Trent (ARDC #2855070)
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
Phone: (630) 682-3100
Fax: (630) 682-3554
attorneys@trentlawfirm.com
mtrent@trentlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, I electronically filed the foregoing **Plaintiff Anthony Sinnott's Memorandum in Opposition to Defendant's Thomas Boyle, Larry Polk, Rudolfo Flores, & Michael Skrabacz's Partial Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(6)**, with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email address provided:

Bryan J. O'Connor (ARDC:
O'Connor Law Group, LLC
19 S LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 236-1814
Email: boc@oconnorlawgrp.com

    By: /s/ Marc P. Trent
TRENT LAW FIRM, P.C.
Marc P. Trent (ARDC #6324928)
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
Phone: (630) 682-3100
Fax: (630) 682-3554
attorneys@trentlawfirm.com
mtrent@trentlawfirm.com